## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**SCOTT LEE MIDKIFF,**

    **Movant,**

**v.**                          **Case No. 3:24-cv-00056**
                                   **Case No. 3:21-cr-00109-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Scott Lee Midkiff's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, as amended. (ECF Nos. 844[1], 857). Respondent has filed a Response in opposition with supporting exhibits, (ECF No. 865), and Movant has filed a Reply, (ECF No. 872).

This civil action is assigned to the Honorable Robert C. Chambers, United States District Judge. By Standing Order, the matter was originally referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Following Magistrate Judge Eifert's retirement, the referral was transferred to the undersigned United States Magistrate Judge.

Having thoroughly reviewed the motion, the amended claims, the parties' briefing, the transcripts of the plea and sentencing hearings, and the record as a whole, the undersigned **FINDS** that Movant is clearly not entitled to relief under 28 U.S.C. § 2255,

---

[1] The ECF numbers used herein are taken from Movant's underlying criminal action in this district, *United States v. Midkiff*, Case No. 3:21-cr-00109-1.

that credibility does not play a role in resolving his claims, and that there is no basis for an evidentiary hearing. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Accordingly, for the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Movant's § 2255 motion be **DENIED**, this civil action be **DISMISSED**, and removed from the docket of the Court.

## I.    <u>Procedural History</u>

On July 28, 2021, Movant Scott Lee Midkiff was charged by indictment in this Court along with multiple co-defendants for offenses arising out of a large-scale drug trafficking conspiracy. (ECF No. 1). Movant was later charged in a superseding indictment with conspiracy to distribute controlled substances, including methamphetamine and fentanyl, in violation of 21 U.S.C. § 846, as well as multiple substantive drug trafficking offenses. (ECF No. 437).

On March 21, 2022, Movant appeared before the Court and entered a guilty plea to Count One of the superseding indictment pursuant to a written plea agreement executed and initialed by Movant. (ECF No. 579). Under the terms of the plea agreement, Movant agreed to plead guilty to conspiracy to distribute fifty grams or more of methamphetamine and forty grams or more of fentanyl and acknowledged that the offense carried a mandatory minimum term of imprisonment of ten years and a maximum term of life imprisonment. (ECF No. 865-1 at 1–3). The plea agreement further reflected that no promises or assurances had been made regarding the sentence to be imposed, that the Court alone would determine the appropriate sentence, and that Movant was satisfied with counsel's representation. (*Id.* at 8–9).

During the Rule 11 hearing, Movant was placed under oath and questioned extensively regarding the voluntariness of his plea, his understanding of the charges and

potential penalties, and his satisfaction with counsel's representation. (ECF No. 865-2). At the conclusion of the hearing, the Court found that Movant was competent, that his plea was knowing and voluntary, and that there was a sufficient factual basis to support the plea. (*Id*. at 28–31).

A presentence investigation report was prepared, and the parties were afforded the opportunity to file objections. (ECF Nos. 708, 865-3 at 9–19). Prior to the imposition of sentence, the Court was advised that the Assistant United States Attorney had received email correspondence from Movant's girlfriend, Victoria Swain, raising allegations concerning trial counsel's conduct and an alleged breakdown in communication between Movant and counsel. (ECF No. 865-3 at 2–5; *see also* ECF No. 865-4). At the sentencing hearing on June 27, 2022, the Court addressed those allegations on the record, placed Movant under oath, and conducted a direct colloquy to determine whether Movant wished to proceed with sentencing. (ECF No. 865-3 at 2–9). The Court expressly advised Movant that his sworn responses could undermine any later claim that he was coerced or that counsel had rendered ineffective assistance. (*Id*. at 7–8). After receiving that admonition, Movant affirmed that he had not been coerced, that his plea was voluntary, that he was satisfied with counsel's representation, and that he wished to proceed with sentencing. (*Id*. at 7–9).

After resolving objections to the presentence report, the Court calculated Movant's advisory guideline range and sentenced Movant to a term of 204 months' imprisonment, followed by five years of supervised release. (ECF No. 865-3 at 19–20, 32). Pursuant to the plea agreement, the Court granted the Government's motion to dismiss the remaining counts of the superseding indictment. (*Id*. at 36).

Movant filed a notice of appeal on July 7, 2022. (ECF No. 718). On November 14, 2022, the United States Court of Appeals for the Fourth Circuit dismissed Movant's appeal in part, and on February 7, 2023, the Fourth Circuit affirmed Movant's judgment after consideration of his ineffective assistance of counsel arguments. (ECF No. 794).

On February 5, 2024, Movant, proceeding pro se, filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 844). In his motion, Movant raises multiple claims of ineffective assistance of counsel, including allegations that counsel failed to provide discovery, misrepresented the strength of the Government's case, made disparaging remarks at sentencing, misrepresented the sentence Movant would receive, created an impermissible conflict of interest, and failed to challenge the Government's authority to take him into federal custody. (*Id*. at 4–14). In support of his motion, Movant submitted his own affidavit, (ECF No. 844-1), as well as affidavits and affirmations from Ms. Swain. (ECF Nos. 844-2, 859). Movant later sought and was granted leave to amend his motion to add an additional sentencing-related ineffective assistance claim. (ECF Nos. 857, 858).

Respondent filed a Response in opposition on August 16, 2024, supported by the written plea agreement, the plea hearing transcript, the sentencing hearing transcript, and correspondence received from Ms. Swain. (ECF Nos. 865, 865-1 through 865-4). Respondent argues that Movant's ineffective assistance claims are directly contradicted by his sworn statements at the plea and sentencing hearings, that Movant has failed to establish either deficient performance or prejudice, and that his jurisdictional challenge is barred by the collateral attack waiver contained in the plea agreement. (ECF No. 865 at 12–25).

Movant filed a Reply on October 10, 2024. (ECF No. 872). In his Reply, Movant reiterates his ineffective assistance claims and asserts for the first time that his sworn statements during the plea and sentencing proceedings were made under duress. (*Id.* at 1–2). Movant further contends that Respondent failed to adequately address allegations concerning trial counsel's misconduct and urges the Court to consider disciplinary proceedings involving counsel as evidence of ineffective assistance. (*Id.* at 2).

The matter is fully briefed and ripe for disposition.

## II.    **Standard of Review**

A motion filed pursuant to 28 U.S.C. § 2255 provides a means by which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Wall v. Kholi*, 562 U.S. 545, 552–53 (2011). Relief under § 2255 is limited to claims involving constitutional or jurisdictional error, a sentence in excess of the maximum authorized by law, or errors of law that constitute a fundamental defect resulting in a complete miscarriage of justice. 28 U.S.C. § 2255(a).

"A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the movant to establish his grounds for relief by a preponderance of the evidence." *See Sutton v. United States of America*, No. CRIM.A. 2:02-CR-65, Civ.A. 2:05-CV-91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Consistent with the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must conduct a preliminary review of the motion. *See* Rule 4. If the motion is not subject to summary dismissal, the Court may order the respondent to file an answer and may authorize discovery or expansion of the record as necessary to properly assess the validity of the claims. *See* Rules 5, 6, & 7. Once the pleadings are complete, the Court must review

the motion, the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing is warranted. *See* Rule 8(a).

Claims of ineffective assistance of counsel are governed by the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a movant must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. Failure to satisfy either prong is fatal to the claim. *Id.* at 697.

When a defendant enters a guilty plea, the prejudice inquiry focuses on whether there is a reasonable probability that, but for counsel's alleged errors, the defendant would not have pled guilty and would have insisted on proceeding to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Sworn statements made by a defendant during a Rule 11 plea colloquy "carry a strong presumption of verity" and present a formidable barrier in subsequent collateral proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

An evidentiary hearing is not required where the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255(b). Conclusory allegations, self-serving affidavits, or assertions that directly contradict sworn statements made during plea and sentencing proceedings may be resolved on the existing record without a hearing. *See Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir. 1970).

## III.    <u>Discussion</u>

Movant challenges the validity of his conviction and sentence pursuant to 28 U.S.C. § 2255, primarily asserting that he received ineffective assistance of counsel in connection with his guilty plea, sentencing, and related proceedings. Because Movant entered a guilty plea, the Court's analysis of his ineffective assistance claims is informed by the plea

proceedings and the record developed before the Court, including Movant's sworn statements during the Rule 11 colloquy and sentencing hearing. The undersigned first addresses Movant's ineffective assistance claims in Grounds One through Four, each of which challenges counsel's performance leading up to or flowing from Movant's decision to plead guilty. The undersigned then addresses Movant's conflict-of-interest claim in Ground Five and his jurisdiction-based ineffective assistance claim in Ground Six, including the effect of Movant's collateral-attack waiver. Finally, the undersigned considers whether an evidentiary hearing is warranted. For the reasons discussed below, the undersigned **FINDS** that Movant has failed to establish entitlement to relief under § 2255 and that no evidentiary hearing is required.

### Grounds One Through Four: Ineffective Assistance of Counsel Related to the Guilty Plea

In Grounds One through Four, Movant alleges that trial counsel rendered ineffective assistance in various ways. (ECF No. 844 at 4–8). Specifically, Movant alleges in Ground One that counsel failed to provide discovery materials; in Ground Two that counsel misrepresented the strength of the Government's case; in Ground Three that counsel made disparaging remarks at sentencing; and in Ground Four that counsel misrepresented the sentence Movant would receive. (ECF No. 844 at 4–8). Each of these claims challenges counsel's performance leading up to Movant's decision to plead guilty and therefore must be evaluated in light of the plea proceedings and the record developed before the Court. *See Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985); *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). As explained below, Movant's claims in these grounds are contradicted by the record, and because Movant has established neither deficient performance nor resulting prejudice, the undersigned **FINDS** that each of these

claims fails as a matter of law and respectfully **RECOMMENDS** that they each be **DENIED**.

When a movant alleges ineffective assistance of counsel under § 2255, he asserts a violation of rights guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 680 (1984). The movant bears the burden of establishing both deficient performance and resulting prejudice, and "a failure of proof on either prong ends the matter." *See United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Judicial scrutiny of counsel's performance is highly deferential, and courts must indulge "a 'strong presumption' that counsel's conduct falls within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations omitted); *see also Strickland*, 466 U.S. at 689.

To establish ineffective assistance of counsel, Movant must demonstrate both deficient performance and resulting prejudice. *See Strickland* at 687 (1984). In the context of a guilty plea, prejudice requires a showing that, but for counsel's alleged errors, the defendant would not have pled guilty and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59. Where a movant's allegations directly contradict his sworn statements during a properly conducted Rule 11 colloquy, those allegations are generally deemed "palpably incredible" absent extraordinary circumstances. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Lemaster*, 403 F.3d at 221. Thus, absent extraordinary circumstances, the truth of a defendant's sworn statements during a properly conducted Rule 11 colloquy is conclusively established, and a court may dismiss a § 2255 motion without an evidentiary hearing where the claims necessarily rely on allegations that contradict those statements. *See Lemaster*, 403 F.3d at 221–22. Further, conclusory

allegations unsupported by specific facts may be rejected without an evidentiary hearing. *See United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013).

Here, Respondent argues that Movant's claims fail because the written plea agreement and the Rule 11 colloquy establish that Movant knowingly and voluntarily entered his guilty plea, understood the statutory penalties he faced, and expressly disclaimed the existence of any promises or assurances regarding sentencing. (ECF No. 865 at 12–18). Respondent further contends that Movant's sworn statements at both the plea and sentencing hearings foreclose his allegations that counsel misrepresented the strength of the Government's case, promised a particular sentence, or failed to adequately advise him prior to the plea. (*Id.* at 18–23). Respondent also asserts that Movant has failed to establish prejudice because he does not identify any viable defense or explain how proceeding to trial would have resulted in a more favorable outcome. (*Id.*).

In the guilty plea context, a 2255 movant faces a particularly heavy burden. By entering a guilty plea, a defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged," and the plea represents a break in the chain of prior events. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, a defendant may not raise independent constitutional claims relating to events preceding the guilty plea and may challenge only the voluntary and intelligent character of the plea by showing that counsel's performance was constitutionally deficient. *See id.*; *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992).

The record supports Respondent's position. Movant entered his guilty plea pursuant to a written plea agreement that expressly set forth the elements of the offense, the applicable statutory penalties, and the absence of any promises or assurances regarding sentencing. (ECF No. 865-1 at 1–3, 8–9). The plea agreement further reflects

Movant's acknowledgment that sentencing determinations rested solely with the Court and that he was satisfied with counsel's representation. (*Id.*).

During the Rule 11 hearing, Movant was placed under oath and questioned extensively regarding the voluntariness of his plea, his understanding of the charges and potential penalties, and the advice he received from counsel. (ECF No. 865-2). Movant affirmed that he had discussed the case fully with counsel, understood the consequences of pleading guilty, and was satisfied with counsel's representation. (*Id.*). The Court found that Movant's plea was knowing and voluntary and that a sufficient factual basis existed to support it. (*Id.* at 28–31).

Against this record, Movant's allegations that counsel failed to provide discovery, misrepresented the strength of the Government's case, or promised a particular sentence are insufficient. Movant does not identify specific exculpatory evidence that was withheld, nor does he explain how additional discovery would have altered his decision to plead guilty. *See Dyess*, 730 F.3d at 359–60. Likewise, even assuming counsel offered an estimate regarding sentencing exposure, erroneous predictions do not constitute ineffective assistance where the defendant was correctly advised of the statutory penalties and the Court's sentencing discretion during the plea colloquy. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("As we said . . . 'if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.'") (internal citations omitted).

Movant's claim that counsel made disparaging remarks at sentencing also fails. Movant does not identify the remarks at issue or demonstrate how they affected the

sentence imposed. Absent a showing that counsel's conduct had an adverse effect on the sentencing outcome, the claim fails under either prong of *Strickland*. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004).

Finally, Movant has failed to establish prejudice. To satisfy the prejudice prong in the plea context, Movant must show a reasonable probability that, but for counsel's alleged errors, he would have rejected the plea and proceeded to trial. *See Hill*, 474 U.S. at 59. Movant offers only a bare assertion that he would have done so, without identifying a viable defense, disputing the factual basis for the plea, or explaining how the outcome of a trial would likely have been more favorable. Such unsupported assertions are insufficient to warrant relief. *See United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). A movant's unsupported assertion that he would have proceeded to trial, standing alone, is insufficient to establish prejudice. *Id.* at 260. Accordingly, the undersigned respectfully recommends that Grounds One through Four be **DENIED**.

### *Movant's Duress Argument*

In his Reply, Movant asserts for the first time that his sworn statements during the plea and sentencing proceedings were made under duress. (ECF No. 872 at 1–2). Although Movant did not raise a duress claim until his Reply, the Court may consider the argument on the existing record. The undersigned **FINDS** that record forecloses relief.

A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *See Brady v. United States*, 397 U.S. 742, 748 (1970). A guilty plea is constitutionally involuntary if it is the product of actual or threatened physical harm, mental coercion overbearing the will of the defendant, or improper promises that deprive the plea of its voluntary character. *See Brady* at 750. By contrast, pressure inherent in the criminal process, including fear of a harsher sentence or strong advice from counsel, does

not constitute unconstitutional coercion. *See United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir. 1989). However, a defendant's solemn declarations in open court affirming the voluntariness of a plea carry a strong presumption of verity, and conclusory allegations of coercion are insufficient to overcome that presumption. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ([T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (internal citations omitted).

Where a court conducts a thorough Rule 11 colloquy, a defendant's later claim that he felt pressured or uncomfortable does not render the plea involuntary absent extraordinary circumstances. *See United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." (internal citations omitted)). Subjective feelings of anxiety, fear of a severe sentence, or dissatisfaction with counsel's advice—standing alone—do not constitute legal duress where the record reflects a knowing and voluntary plea. *See Brady*, 397 U.S. at 750-51; *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010).

The record demonstrates that Movant's plea was not the product of duress. Prior to sentencing, the Court was advised of allegations concerning trial counsel's conduct based on email correspondence received by the Assistant United States Attorney from

Movant's girlfriend, Victoria Swain. (ECF No. 865-3 at 2–5; *see also* ECF No. 865-4). At the sentencing hearing, the Court addressed those allegations on the record, again placed Movant under oath, and conducted a direct colloquy to determine whether Movant wished to proceed with sentencing. (ECF No. 865-3 at 7–9). The Court expressly warned Movant that his sworn responses could undermine any later claim of coercion or ineffective assistance. (*Id*. at 7–8). After receiving that admonition, Movant affirmed that he had not been coerced, that his plea was voluntary, that he was satisfied with counsel's representation, and that he wished to proceed with sentencing. (*Id*. at 7–9).

Movant now asserts, without elaboration, that his sworn statements during the plea and sentencing proceedings were made under duress. (ECF No. 872). In his Reply, Movant alleges that counsel was manipulative, that counsel's misconduct and personal relationship with Movant's girlfriend created pressure and fear, and that counsel influenced him to provide false or misleading sworn responses to the Court in order to proceed with sentencing. (*Id*.). In support, Movant relies on allegations concerning trial counsel's conduct toward Movant's girlfriend and on disciplinary proceedings later initiated against counsel by the Lawyer Disciplinary Board. (ECF Nos. 844-2, 859). Even accepting those allegations as true for purposes of this analysis, Movant does not identify any specific threats, promises, or coercive conduct directed at him that overbore his will or compelled him to plead guilty, nor does he explain how counsel's alleged misconduct rendered his sworn responses to the Court untruthful.

The record instead reflects that, after the Court was made aware of the allegations and addressed them directly with Movant under oath, Movant expressly reaffirmed that his plea was voluntary and uncoerced and that he wished to proceed. (ECF No. 865-3 at 7–9). Allegations of attorney misconduct or disciplinary violations, standing alone, do not

13

establish duress or invalidate a guilty plea absent a showing that the conduct actually undermined the voluntariness of the plea. Accordingly, Movant's conclusory assertions—advanced for the first time in his collateral challenge as a claim of duress undermining his sworn statements—are insufficient to overcome the presumption of verity afforded to statements made in open court. *See Fields*, 956 F.2d at 1299; *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003).

Absent extraordinary circumstances, the truth of a defendant's sworn statements during a properly conducted Rule 11 or sentencing colloquy is conclusively established, and a court may dismiss a § 2255 motion without an evidentiary hearing where the claims necessarily rely on allegations that contradict those statements. *See Lemaster*, 403 F.3d at 221–22; *Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir. 1970). Accordingly, the undersigned **FINDS** that Movant's duress argument does not warrant relief or an evidentiary hearing and respectfully **RECOMMENDS** that it should be **DENIED**.

### Ground Five: Alleged Conflict of Interest and Counsel Misconduct

In Ground Five, Movant alleges that trial counsel rendered ineffective assistance by creating an impermissible conflict of interest through an inappropriate personal relationship with Movant's girlfriend, Victoria Swain. (ECF No. 844 at 13). As explained below, the undersigned **FINDS** that Movant has failed to establish the existence of an actual conflict of interest or that any alleged conflict adversely affected counsel's performance.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, including counsel's duty of loyalty and the duty to avoid conflicts of interest. *See United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991). A breach of these

duties may give rise to a claim of ineffective assistance of counsel. *Id.* However, "adverse effect cannot be presumed from the mere existence of a conflict of interest." *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir. 2002).

Where a defendant did not object to an alleged conflict during the criminal proceedings, the defendant bears the burden of demonstrating that counsel operated under an actual conflict of interest and that the conflict adversely affected counsel's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007). An "actual conflict of interest" means "precisely a conflict that *affected counsel's performance*—as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (emphasis in original).

The Supreme Court has recognized that certain limited circumstances may warrant a presumption of prejudice, such as where defense counsel is forced to represent codefendants over a timely objection. *See Holloway v. Arkansas*, 435 U.S. 475, 488 (1978). Outside of such narrow circumstances, however, a defendant must demonstrate that the alleged conflict actually affected the adequacy of counsel's representation. *See Mickens*, 535 U.S. at 168; *Cuyler*, 446 U.S. at 348. Absent such a showing, a conflict-of-interest claim fails.

Where, as here, a defendant has entered a guilty plea, a conflict-of-interest claim must be evaluated in light of the plea proceedings and the defendant's sworn statements. A defendant may obtain relief only by demonstrating that counsel's alleged conflict rendered the plea unknowing or involuntary or otherwise adversely affected counsel's performance in connection with the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992).

In support of his claim, Movant relies primarily on affidavits and affirmations submitted by Ms. Swain. In those filings, Ms. Swain alleges that trial counsel offered her employment, invited her to dinner, made inappropriate remarks, encouraged her to sever ties with Movant, and disclosed confidential information about Movant's case. (ECF Nos. 844-2, 859). Ms. Swain further attached materials reflecting disciplinary proceedings later initiated against counsel by the Lawyer Disciplinary Board. (ECF No. 859). These allegations, while serious, concern counsel's alleged conduct toward a third party rather than counsel's strategic or legal decision-making on Movant's behalf.

Critically, although Movant reiterates allegations of counsel misconduct in his affidavits and Reply, he does not identify any specific decision, action, or omission by counsel that was influenced by the alleged conduct, nor does he explain how the alleged relationship affected counsel's representation of him. Movant does not allege that counsel discouraged him from pursuing a defense, failed to communicate plea offers, provided inaccurate legal advice, or otherwise acted contrary to Movant's interests as a result of the alleged conduct. Absent such a showing, allegations of inappropriate conduct toward a third party do not establish an actual conflict of interest for Sixth Amendment purposes. *See Mickens*, 535 U.S. at 171; *Nicholson*, 475 F.3d at 249.

The record further reflects that the Court was made aware of the allegations concerning counsel's conduct prior to sentencing and addressed them directly with Movant under oath. (ECF No. 865-3 at 2–9). After being advised that his sworn statements could affect any future collateral challenges, Movant affirmed that he was satisfied with counsel's representation and wished to proceed with sentencing. (*Id.* at 7–9). These sworn affirmations weigh heavily against Movant's present claim that counsel's alleged misconduct rendered counsel's representation constitutionally ineffective or

16

undermined the voluntariness of the guilty plea. *See United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

Finally, to the extent Movant relies on the existence of disciplinary proceedings against counsel, such proceedings do not establish ineffective assistance per se. Professional discipline and constitutional ineffectiveness are distinct inquiries, and a violation of professional norms does not automatically translate into a Sixth Amendment violation. *See Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Without showing that the alleged misconduct adversely affected counsel's performance in Movant's case or undermined the voluntariness of the guilty plea, relief under § 2255 is not warranted. Accordingly, the undersigned **FINDS** that Movant has failed to establish a conflict-of-interest warranting relief or an evidentiary hearing and respectfully **RECOMMENDS** that Ground Five be **DENIED**.

### *Ground Six: Jurisdiction and Collateral Attack Waiver*

In Ground Six, Movant alleges that trial counsel rendered ineffective assistance by failing to challenge the United States' authority to take him into federal custody from state incarceration, asserting that the federal court lacked jurisdiction over his prosecution. (ECF No. 844 at 14). As explained below, the undersigned **FINDS** that this claim is barred by Movant's knowing and voluntary collateral-attack waiver and, in any event, fails as a matter of law.

A criminal defendant may waive the right to collaterally attack his conviction and sentence, including claims brought pursuant to 28 U.S.C. § 2255, so long as the waiver is knowing and voluntary. *See United States v. Lemaster*, 403 F.3d 216, 220–22 (4th Cir. 2005). Such waivers are generally enforceable and will be upheld absent a showing that the waiver itself was the product of ineffective assistance of counsel or that enforcement

would result in a miscarriage of justice. *Id.* at 220; *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013).

Here, Movant entered into a written plea agreement in which he expressly waived his right to collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel. (ECF No. 865-1 at 8–9). During the Rule 11 colloquy, the Court reviewed the waiver provision with Movant and confirmed under oath that he understood the rights he was relinquishing and agreed to the waiver knowingly and voluntarily. (ECF No. 865-2). Movant further affirmed that no one had coerced him into entering the plea agreement and that he understood its terms. (*Id.*). Accordingly, the collateral-attack waiver is valid and enforceable.

Although Movant attempts to style Ground Six as a claim of ineffective assistance of counsel premised on a lack of jurisdiction, the substance of the argument challenges the Government's authority to assume custody from state officials rather than the federal court's subject-matter jurisdiction. (ECF No. 844 at 14). Movant does not allege that counsel's performance rendered the collateral-attack waiver itself unknowing or involuntary, nor does he identify any basis upon which enforcement of the waiver would result in a miscarriage of justice. Accordingly, the claim falls within the scope of Movant's valid collateral-attack waiver.

Moreover, even to the extent Movant attempts to frame this jurisdictional challenge as an ineffective assistance claim, counsel cannot be deemed deficient for failing to raise a legally meritless argument. Federal district courts derive subject-matter jurisdiction over federal criminal prosecutions from 18 U.S.C. § 3231, which confers original jurisdiction over "all offenses against the laws of the United States." Courts have consistently held that the manner in which a defendant is brought before a federal court,

18

including transfer from state to federal custody, does not deprive the court of jurisdiction or invalidate a subsequent federal prosecution. *See United States v. Alvarez-Machain*, 504 U.S. 655, 661–62 (1992); *Frisbie v. Collins*, 342 U.S. 519, 522 (1952).

Because Movant's claim is barred by his knowing and voluntary collateral-attack waiver and independently fails as a matter of law, he cannot establish either deficient performance or resulting prejudice under *Strickland*. Accordingly, the undersigned **FINDS** that Ground Six does not warrant relief or an evidentiary hearing and respectfully **RECOMMENDS** that it be **DENIED**.

### *Evidentiary Hearing*

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). An evidentiary hearing is likewise unnecessary when the movant's allegations are vague, conclusory, or palpably incredible, or where they are directly contradicted by the record. *See Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir. 1970); *see also United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013).

Here, no evidentiary hearing is warranted. As discussed above, Movant's claims either fail as a matter of law, are conclusory, or are affirmatively refuted by the existing record. Resolution of Movant's ineffective assistance claims does not turn on disputed issues of fact or credibility determinations requiring further development.

With respect to Grounds One through Four, Movant's allegations concerning counsel's performance during plea negotiations and sentencing are contradicted by his sworn statements during the Rule 11 and sentencing proceedings, which carry a strong

presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Movant has not alleged extraordinary circumstances sufficient to overcome that presumption.

Movant's conflict-of-interest claim likewise fails based on the existing record. Even accepting the allegations concerning counsel's conduct toward a third party as true for purposes of analysis, Movant has not identified any specific decision, action, or omission by counsel that was influenced by the alleged conduct or that adversely affected counsel's representation. The Court addressed the allegations prior to sentencing, placed Movant under oath, and afforded him the opportunity to proceed, and Movant affirmed his satisfaction with counsel. No additional factual development would alter the conclusion that Movant has failed to establish an actual conflict of interest warranting relief.

Finally, Movant's jurisdiction-based ineffective assistance claim is barred by his knowing and voluntary collateral-attack waiver and, in any event, fails as a matter of law. The legal insufficiency of this claim is apparent from the face of the motion and the existing record, and no evidentiary hearing is necessary to resolve it.

Because the motion, files, and records of this case conclusively demonstrate that Movant is not entitled to relief, the undersigned **FINDS** that an evidentiary hearing is neither required nor appropriate in this matter.

## IV.  <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned **FINDS** that Movant has failed to establish entitlement to relief under 28 U.S.C. § 2255. The undersigned further **FINDS** that Movant's claims of ineffective assistance of counsel in Grounds One through Four are contradicted by the record and fail to satisfy the requirements of *Strickland v. Washington*. The undersigned also **FINDS** that Movant has failed to establish an actual conflict of interest or any adverse effect on counsel's performance in Ground Five, and

that his jurisdiction-based ineffective assistance claim in Ground Six is barred by his knowing and voluntary collateral-attack waiver and independently fails as a matter of law.

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF Nos. 844, 857), be **DENIED**, that this civil action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of this Court.

The parties are notified that these "Proposed Findings and Recommendations" are hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing these "Proposed Findings and Recommendations" within which to file with the Clerk of this Court specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. An extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the United States Court of Appeals. *See Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, the Honorable Robert C. Chambers, and the undersigned Magistrate Judge.

The Clerk is instructed to provide a copy of these "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:**    February 5, 2026

Joseph K. Reeder
United States Magistrate Judge

22